```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

HARVELL HOOD,

    Plaintiff,

vs.                                              No. 17-2869-SHM-dkv

CITY OF MEMPHIS PUBLIC
WORKS DIV. and
JEFF ALLOWAY,

    Defendants.
_____

    REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
_____

On November 29, 2017, the plaintiff, Harvell Hood ("Hood"), filed a *pro se* complaint against the City of Memphis Public Works Division[1] ("City of Memphis") and Jeff Alloway ("Alloway") alleging discrimination based on race, color, gender, and religion, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) On December 7, 2017, the court issued an order granting Hood leave to proceed *in forma pauperis*. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29,

---

[1]The City of Memphis Public Works Division is a division of the City of Memphis.

2013.)

For the reasons that follow, it is recommended that all of Hood's claims against Alloway be dismissed *sua sponte* for failure to state a claim upon which relief may be granted. It is further recommended that Hood's claims of race, color, gender, and religious discrimination be dismissed *sua sponte* as to the City of Memphis for failure to state a claim upon which relief may be granted but that Hood's Title VII retaliation claim against the City of Memphis be allowed to proceed.

## I.   PROPOSED FINDINGS OF FACT

Hood filed his complaint on a court-supplied form styled "Complaint," in which he filled in the blanks indicating discrimination based on race (African American), color (Black), sex (Male), and religion (A.M.E.), as well as retaliation. (Compl. ¶ 6, 9, ECF No. 1.) Hood alleges the following facts: "Supervison(s) [sic] verbally abused for months threaten me if I would'nt [sic] work in dangerous and unsafe conditions, audio, photos and violation from OSHA available." (*Id.* ¶ 10.) At the bottom of his application to proceed *in forma pauperis*, Hood wrote, "I'm still employed with the City but not recieving [sic] any pay, because they wouldn't let me come back once I filed this claim/petition and I'm still a city employee!" (Appl. 5, ECF No. 2.)

Hood attached to his complaint the EEOC Notice of Right to

Sue dated November 21, 2017, (ECF No. 1-1), which Hood alleged he received on November 25, 2017, (Compl. ¶ 14, ECF No. 1). Hood did not attach the charge he filed with the EEOC. (*See id.*) For relief, Hood requests $100,000 for "pain and suffering/divorce, lost time from work, promotions." (*Id.* at 6.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Hood's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   Standard of Review for Failure to State a Claim

In assessing whether Hood's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508

(2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard.  *Swierkiewicz,* 534 U.S. at 513.  Federal Rule of Civil Procedure 8(a) provides in relevant part that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotations and citation omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)(internal quotations and citation omitted)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua*

*sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   Hood's Claims Against Alloway

In his complaint, Hood seeks to hold Alloway liable under Title VII. (Compl., ECF No. 1.) The law is clear, however, that a supervisor, who does not qualify as an employer, cannot be held individually liable under Title VII. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Title VII defines employer as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person . . . ." 42 U.S.C. § 2000e(b). According to the Sixth Circuit, "[a]n examination of the statutory scheme and remedial

6

provisions of Title VII, convinces us that Congress did not intend to provide for individual employee/supervisor liability under Title VII." *Wathen*, 115 F.3d at 405.

It is not clear whether Hood seeks to hold Alloway individually liable under Title VII or is suing him as an employer because Hood does not state Alloway's position or even indicate that Alloway is employed by the City of Memphis. (*See* Compl., ECF No. 1.)  Hood does not state in the complaint that he is naming Alloway as a defendant in his individual capacity, and he does not specifically allege that Alloway was involved in any discriminatory or retaliatory conduct. (*See id.*)  In fact, Hood never mentions Alloway aside from naming him as a defendant in the style of the case. (*See id.*)  Because Title VII does not provide for individual liability, it is recommended that Hood's claims against Alloway be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

D.  Hood's Title VII Discrimination Claims

As to Hood's Title VII claims against the City of Memphis, he alleges discrimination based on race, color, sex, and religion. (*See* Compl. ¶ 9, ECF No. 1.)  Hood did not attach his EEOC charge regarding these claims. (*See id.*)  According to the Sixth Circuit, "[e]xhaustion of administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*,

7

259 F. App'x 784, 786 (6th Cir. 2008)(citations omitted).  Here, it is unclear whether Hood has exhausted his administrative remedies because he did not attach the EEOC charge indicating which claims he submitted to the EEOC.  Regardless of whether Hood exhausted his administrative remedies for each claim, he nonetheless fails to state a claim under Rule 8(a)'s simplified pleading standard for the following reasons.

First, Hood filled in "African American" next to the box for race discrimination in his complaint.  (Compl. ¶ 9, ECF No. 1.)  Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a)(1).  The essential elements of a Title VII race-discrimination claim are: (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the position; and (4) that either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside his protected class.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).  Here, Hood alleges that he was discriminated against based on his race (African American) but does not allege any adverse employment action based on his race.  (Compl. ¶ 9, ECF No. 1.)  Hood alleges that supervisors verbally abused him.  (Id. ¶ 10.)

8

However, Hood never alleges that the verbal abuse was related to his race, and "Title VII does not protect against a generally abusive working environment." *Lauro v. Tomkats, Inc.*, 9 F. Supp. 2d 863, 871 (M.D. Tenn. 1998)(citation omitted). Therefore, it is recommended that Hood's race-discrimination claim be dismissed *sua sponte* for failure to state a claim.

Second, Hood filled in "Black" next to the box for color discrimination in his complaint. (Compl. ¶ 9, ECF No. 1.) "[C]olor discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Moore v. Food Lion*, No. 3:06-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007)(quoting *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 n.5 (4th Cir. 2002)). Here, Hood's allegations are "devoid of any hint that his particular skin tone motivated the alleged discrimination." *See Bryant*, 288 F.3d at 132 n.5. Accordingly, it is recommended that Hood's discrimination claim based on color be dismissed.

Third, Hood filled in "Male" next to the box for gender discrimination in his complaint. (Compl. ¶ 9, ECF No. 1.) Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual

9

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a). To establish a *prima facie* case of gender discrimination, a plaintiff is required to show that: (1) he is a member of a protected group; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010)(stating the same). In cases where a member of the majority claims discrimination on the basis of sex, as in the instant case, to satisfy the first prong of the *prima facie* case, the plaintiff must "demonstrate background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003)(citations and internal quotation marks omitted). Here, Hood does not allege that the verbal abuse, which is the only fact he alleges that could constitute an adverse employment action, was motivated by gender discrimination. (*See* Compl. ¶ 10, ECF No. 1.) Moreover, Hood has not alleged any background circumstances to support the suspicion that the City of Memphis is the unusual employer who discriminates against males, and

10

Hood does not allege that the City of Memphis treated females more favorably. (*See id.*) Thus, Hood has not alleged any facts in support of his gender discrimination claim, and it is recommended that this claim be dismissed.

Finally, Hood filled in "A.M.E." next to the box for religious discrimination on his complaint. (*Id.* ¶ 9.) Title VII prohibits an employer from failing to hire, discharging, or otherwise discriminating against an employee with respect to various aspects of his employment such as compensation, terms, conditions, or privileges of employment because of the employee's religion. 42 U.S.C. § 2000e-2(a). To establish a *prima facie* claim for religious discrimination under Title VII, the Sixth Circuit requires a plaintiff to show that: "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflicts; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir. 2007)(citing *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1084 (6th Cir. 1987)). Here, Hood does not allege any facts indicating that he was discriminated against based on his religious beliefs or even that the City of Memphis was aware of his religion. (*See* Compl., ECF No. 1.) Thus, Hood's complaint fails to allege a religious discrimination claim under Title VII, and it is

11

recommended that Hood's religious discrimination claim be dismissed *sua sponte* for failure to state a claim.

E. Hood's Title VII Retaliation Claim

Hood also checked the box on the complaint indicating retaliation. (Compl. ¶ 6, ECF No. 1.) To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to the protected activity. *Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). Regarding the third prong of the *prima facie* case, "[a]n adverse employment action 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014)(quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Moreover, there are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

12

Here, Hood does not allege in his complaint that he engaged in any protected activity or that he suffered an adverse employment action. (*See* Compl., ECF No. 1.) However, in his application to proceed *in forma pauperis*, which is signed by Hood under penalty of perjury, Hood states "I'm still employed with the City but not receiving [sic] any pay, because they wouldn't let me come back once I filed this claim/petition and I'm still a city employee!" (Appl. 5, ECF No. 2.) This court will consider the application as part of the complaint, and construing the facts in the light most favorable to Hood and inferring that Hood engaged in a protected activity by filing a claim with the EEOC, Hood has met the pleading requirement for a Title VII retaliation claim against the City of Memphis.

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that all of Hood's claims against Alloway be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii). It is further recommended that Hood's claims of race, color, gender, and religious discrimination be dismissed *sua sponte* as to the City of Memphis for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) but that Hood's Title VII retaliation claim against the City of

13

Memphis be allowed to proceed.

This court recommends that the Clerk be directed to issue process for the City of Memphis and to deliver that process to the marshal for service along with a copy of the complaint, this Report and Recommendation, and any order regarding this Report and Recommendation; that service be made on the City of Memphis pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure;[2] and that all costs of service be advanced by the United States.

It is further recommended that Hood be ordered to serve a copy of every document filed in this cause on the attorney for the City of Memphis, make a certificate of service on every document filed, familiarize himself with the Federal Rules of Civil Procedure and this court's local rules,[3] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of his case without further notice.

---

[2]The EEOC's Notice of Right to Sue letter issued to Hood lists the following address for the City of Memphis:

City of Memphis
125 North Main Street
Room 414
Memphis, TN 38103

[3]A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

14

Respectfully submitted this 8th day of January, 2018.

                          s/Diane K. Vescovo
                          DIANE K. VESCOVO
                          CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.