```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

|                                                        |   |                      |
|--------------------------------------------------------|---|----------------------|
| **HARVELL HOOD,**                                      ) |                      |
|                                                        ) |                      |
| Plaintiff,                                             ) |                      |
|                                                        ) | No. 17-cv-2869-SHM-dkv |
| v.                                                     ) |                      |
|                                                        ) |                      |
| **CITY OF MEMPHIS PUBLIC WORKS DIV. and JEFF ALLOWAY,** ) |                      |
|                                                        ) |                      |
| Defendants.                                            ) |                      |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated January 8, 2018 (the "Report"). (ECF No. 8.) The Report recommends that Plaintiff Harvell Hood's *pro se* complaint against Defendants City of Memphis Public Works Division ("City of Memphis") and Jeff Alloway ("Alloway") be partially dismissed under 28 U.S.C. § 1915. Neither Hood nor the City of Memphis has filed any objections to the Report, and the deadline for doing so has passed. L.R. 72.1(g)(2). For the following reasons, the Report is ADOPTED.

On November 29, 2017, Hood filed a complaint against the City of Memphis and Alloway alleging discrimination based on race, color, gender, and religion, as well as retaliation, in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). (Compl., ECF No. 1.)

On January 1, 2018, United States Magistrate Judge Diane K. Vescovo submitted the Report. (ECF No. 8.) It recommends that Hood's complaint be partially dismissed under § 1951 for failure to state a claim. The Report reasons as follows:

> In his complaint, Hood seeks to hold Alloway liable under Title VII. (Compl., ECF No. 1.) . . . It is not clear whether Hood seeks to hold Alloway individually liable under Title VII or is suing him as an employer because Hood does not state Alloway's position or even indicate that Alloway is employed by the City of Memphis. (See Compl., ECF No. 1.) Hood does not state in the complaint that he is naming Alloway as a defendant in his individual capacity, and he does not specifically allege that Alloway was involved in any discriminatory or retaliatory conduct. (See id.) In fact, Hood never mentions Alloway aside from naming him as a defendant in the style of the case. (See id.) Because Title VII does not provide for individual liability, it is recommended that Hood's claims against Alloway be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.
>
> . . .
>
> As to Hood's Title VII claims against the City of Memphis, he alleges discrimination based on race, color, sex, and religion. (See Compl. ¶ 9, ECF No. 1.) Hood did not attach his EEOC charge regarding these claims. (See id.) According to the Sixth Circuit, "[e]xhaustion of administrative requirements is a precondition to filing a Title VII suit." Lockett v. Potter, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted). Here, it is unclear whether Hood has exhausted his administrative remedies because he did not attach the EEOC charge indicating which claims he submitted to the EEOC.

2

> Regardless of whether Hood exhausted his administrative remedies for each claim, he nonetheless fails to state a claim under Rule 8(a)'s simplified pleading standard for the following reasons.

(ECF No. 8 at 24-26.)[1]

The Report recommends allowing Hood's Title VII retaliation claim against City of Memphis to proceed. The Report reasons as follows:

> [I]n his application to proceed in forma pauperis, which is signed by Hood under penalty of perjury, Hood states "I'm still employed with the City but not receiving [sic] any pay, because they wouldn't let me come back once I filed this claim/petition and I'm still a city employee!" (Appl. 5, ECF No. 2.) This court will consider the application as part of the complaint, and construing the facts in the light most favorable to Hood and inferring that Hood engaged in a protected activity by filing a claim with the EEOC, Hood has met the pleading requirement for a Title VII retaliation claim against the City of Memphis.

(ECF No. 8 at 31.)

The Report "recommends that the Clerk be directed to issue process for the City of Memphis and to deliver that process to the marshal for service along with a copy of the complaint, this Report and Recommendation, and any order regarding this Report and Recommendation; that service be made on the City of Memphis pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the

---

[1] Unless otherwise noted, citations to the record refer to the PageID number.

United States." Id. at 32 (footnote omitted).) The Report also "recommend[s] that Hood be ordered to serve a copy of every document filed in this cause on the attorney for the City of Memphis, make a certificate of service on every document filed, familiarize himself with the Federal Rules of Civil Procedure and this court's local rules, promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of his case without further notice." (Id. (footnote omitted).)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo*

4

or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Neither the City of Memphis nor Hood has objected to the Report. Therefore, the Report should be adopted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED. All of Hood's claims against Alloway and Hood's claims of race, color, gender, and religious discrimination against the City of Memphis are DISMISSED. Hood's Title VII retaliation claim against the City of Memphis may proceed. The Clerk is directed to modify the docket in accordance with this order.

Hood is ordered to serve a copy of every document filed in this cause on the attorney for the City of Memphis, make a certificate of service on every document filed, familiarize himself with the Federal Rules of Civil Procedure and this court's local rules, and promptly notify the Clerk of any change of address or extended absence. Hood is warned that failure to comply with these requirements, or any other court order, may result in the dismissal of his case.

The Clerk is directed to issue process for the City of Memphis and to deliver that process to the marshal for service along with a copy of the complaint, the Report, and this order. That service shall be made on the City of Memphis pursuant to Federal Rule of Civil Procedure 4(j)(2) and all costs of service shall be advanced by the United States.

So ordered this 31st day of January, 2018.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE