# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**HARVELL HOOD**

**PLAINTIFF,**

**JURY TRIAL DEMANDED**

**vs.**

**CIVIL ACTION NO. 17-cv-2869-dkv**

**CITY OF MEMPHIS PUBLIC**

**WORKS DIVISION and**

**JEFF ALLOWAY,**

**DEFENDANTS**


## AMENDED COMPLAINT WITH JURY DEMAND

Comes the Plaintiff, HARVELL HOOD for his Amended Complaint against the

Defendant, CITY OF MEMPHIS TENNESSEE AND THE DEPARTMENT OF PUBLIC WORKS,

## NATURE OF PROCEEDING

This is an action seeking redress under Title VII of the Civil Rights Act of 1962, and 42 U.S.C. §1981 for
illegal race discrimination, or both, and retaliation under Title VII of the Civil Rights Act of 1962, and
under 42 U.S.C. §§ 1981 and §§1983 for deprivation of rights protected by the United States
Constitution, brought by Harvell Hood against his employer, CITY OF MEMPHIS TENNESSEE AND
THE DEPARTMENT OF PUBLIC WORKS. Plaintiff Hood also states pendent state claims under
comparable law of the State of Tennessee under Tenn. Code Ann. § 4-21-101 et seq., and Violation of the
Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common
Law, Plaintiff seeks legal and equitable relief.


## PARTIES

1. Plaintiff, is a resident of MEMPHIS, SHELBY COUNTY, TENNESSEE, and is a Male over

1

the age of forty (40), is, and has been a Temporary crew man with the CITY OF MEMPHIS

TENNESSEE AND THE DEPARTMENT OF PUBLIC WORKS since September 5, 2015, during the

relevant time period and was so employed with the CITY OF MEMPHIS TENNESSEE AND THE

DEPARTMENT OF PUBLIC WORKS at the STILES WASTE TREATMENT PLANT. However,

plaintiff is still employed by the defendants but has simply been barred or prevented from returning or

coming back to work by the defendants.

2. At all times pertinent, Plaintiffs' employer, pursuant to Title VII of the Civil Rights Act of 1962, and

42 U.S.C. §1981, or both, and Title VII of the Civil Rights Act of 1962, and under 42 U.S.C. §§ 1983 for

deprivation of rights protected by the United States Constitution, and under Tennessee Human

Relations Act, Tenn. Code Ann. § 4-21-101 et seq.,   and of under the Tennessee Public Protection Act,

TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law was the CITY OF

MEMPHIS TENNESSEE AND THE DEPARTMENT OF PUBLIC WORKS.


## JURISDICTION AND VENUE


3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42

U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

4. The Plaintiff also brings pendent state claims under the Tennessee Human Relations Act Tenn. Code

Ann. § 4-21-101 et seq., and under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle

Blower Law under statutory and Common Law, and invokes the jurisdiction of this court pursuant to

Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate such state claims as a plaintiff

may have against the opposing party.  This District possesses venue of this matter pursuant to 42 U.S.C.

Section 2000e-5(f). The jurisdiction of this *Court* is invoked to secure protection and redress deprivation

of rights guaranteed by the United States Constitution and federal statutory law, which rights provide for

injunctive relief and other relief for illegal employment discrimination.  The amount in controversy in

this action does not exceed the jurisdictional limits of this Court.

5.  On October 12, 2016, Plaintiff filled out a questionnaire and filed a Charge of Discrimination with the

EEOC and the Tennessee Human Rights Commission. Attached hereto and incorporated herein by

reference as exhibit "A" is a copy of the "Charge of Discrimination" filed with the Equal Employment

Opportunity Commission and The Tennessee Human Rights Commission.

6. On November 21, 2017, Equal Employment Opportunity Commission, dismissed Plaintiff's Complaints and issued a Dismissal and Notice of Right to Sue. Plaintiff attached to his original *pro se* complaint the Notice of Right to Sue, which he received on November 25, 2017. Attached hereto and incorporated herein by reference as exhibit "B" is a copy of the "Dismissal and Notice of right to Sue" from the Equal Employment Opportunity Commission on behalf of it and The Tennessee Human Rights Commission.

7. Plaintiff filed a *pro se* complaint on November 29, 2017 with the Court alleging violations of Title VII of the Civil Rights Act of 1964, including violations of race discrimination, and allegations of retaliation and harassment.

8. Plaintiff file his suit in federal district court, pursuant to Dismissal and Notice of Rights Plaintiff received from the EEOC, within ninety (90) days of the receipt of said Dismissal and Notice of Rights.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff started working for Defendant at the Stiles Waste Treatment Plant as a part-time crew person in September of 2015. His pay was approximately$12.00 an hour and he generally worked 56 hours every two week and was paid bi-weekly". He received no benefits or retirement. His duties included "cleaning tanks, digging holes and working in wet wells".

10. Plaintiff, during his tenure with Defendant, however, was asked to perform other duties beyond the job he held, including "operating heavy equipment, Back hoes, Bobcats, and Bush Hog grass cutters," because he was the only one available who was skilled and experienced in operating such equipment.

11. During Plaintiff's employment he has been the subject of constant racial discrimination, verbal abuse, humiliation and hostile work environment by his supervision including name calling including referring to Plaintiff and other African American employees as "Nigger" and inviting them to perform oral sex in the most lewd manner inappropriate and sexual demeaning manner stating that Plaintiff "could suck his D_ _ _k" on multiple occasions which have directly impacted his ability to perform his job.

12. Also, during his employment with the Defendant Plaintiff and other Black employees were required to work in the contaminated environment of the Stiles Waste Treatment Plant without the appropriate

equipment, safety gear and clothing, in violation of established safety rules and regulations.

13. Plaintiff was also continuously the subject of scurrilous suggestions that he and other Black

Crew members perform oral sex on the supervision if they did not like or did not want to do the work.

14. At some point on or about November of 2015, Plaintiff took his complaints to Mark Keith, Assistant

Plant Manager at the Stiles Waste Treatment Plant and told him of the problems he was having working

under his supervision and being called "Nigger" and requiring him and other Black crew members to

work in hazardous conditions without proper and protective equipment, gear, clothing and apparel.

15. Plaintiff complained to his supervision at the Stiles Waste Treatment Plant about the treatment he

and other Black part-time crew members were receiving but saw no response, improvement or action

taken by his supervision to correct or improve matters.

16. So, on or about September 22, 2016, Plaintiff made a complaint to the City of Memphis EEO/Labor

Relations Department and as a result an investigation was undertaken and serious violations of the City

of Memphis Respectful Workplace policy were disclosed.

17. As a result of the aforesaid investigations violations of the said Respectful Work Place Policy, as

Plaintiff had complained, were determined to have taken place and several of Defendants' supervisory

and management staff in the Stiles Waste Treatment Plant were disciplined, on information and belief,

for violating the City of Memphis Respectful Workplace policy.

18. In latter 2016, as a result of the investigation, Defendant was told to cease the practices of making

Plaintiff and other Black crew members work in hazardous conditions without proper and protective

equipment, gear, clothing and apparel.

19. Plaintiff in late 2016 to mid 2017 started taking a class in "Truck Driving" in order to bid on and
secure a better

job with better pay, benefits and working conditions. Plaintiff was doing this in order to secure a

Commercial Driver's License or "CDL" which was the requirement for getting bidding on a job as a

truck driver or heavy equipment operator with the Defendant. However, Defendant failed to consider

Plaintiff for a truck Driving job. However, when he asked could be moved to a truck driving job he was

told no and told Plaintiff to not call or come back to the Stiles Waste Treatment Plant. Plaintiff was then

terminated from the employment with the Defendant on June 15, 2017 but was not advised of same.

4

## COUNT I RETALIATION BY DENIAL OF TRUCK DRIVING JOB

20. Plaintiff incorporates as if fully restated all of the allegations previously written.

21. In early 2017, Plaintiff told his Supervision that he was pursuing getting a Commercial Driver's License (CDL) in order to qualify and bid for jobs operating trucks or heavy equipment. Plaintiff had gone on his on to the Career Center and was taking classes.

22. However, when Plaintiff asked about the truck driving job and he was told by Stiles Waste Treatment Plant management not to worry about it because we are not going to bring you back over here.

23. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly failing or refusing to promote, solely because he had reported the acts of harassment and discrimination. Defendants had no legitimate reasons for any such act.  Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1962, and 42U.S.C. §1981, or both, and Title VII of the Civil Rights Act of 1962, and under 42 U.S.C. §§ 1983 for deprivation of rights protected by the United States Constitution, and under Tennessee Human Relations Act, Tenn. Code Ann. § 4-21-101 et seq., and Violation of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

## COUNT II RETALIATION DENIAL OF HEAVY EQUIPMENT OPERATOR JOBS

24. Plaintiff incorporates as if fully restated all the allegations previously written.

25. Plaintiff applied for a mechanical operator job in early 2017. Plaintiff had been required to operate certain trucks, heavy equipment, Bobcats and Back hoes, on orders of the Stiles Treatment Plant management.

26. However, when he made inquiry about the mechanical operator's job he was told by Stiles Waste Treatment Plant management, that the mechanical or heavy equipment operator job had been given to someone else in the South Treatment Plant.

## COUNT III RETALIATION REFUSAL TO TRANSFER INTO FULL-TIME JOBS

27. Plaintiff incorporates as if fully restated all the allegations previously written.

28. During early 2017 this meeting with his supervision was made aware that several other part-time crew members had been promoted to full time and transferred to the Department of Public Works

5

facility on Scott Street. Plaintiff asked that he also be promoted to full time and transferred to the Public Works facilities on Scott Street as Defendant had recently transferred several part-time crew members to the Scott Street location and full time rather than part-time positions.

29. Plaintiff was told no by the Stiles Waste Treatment Plant management. Plaintiff was further told at that time don't come back to the Stiles Waste Treatment Plant work site and don't call.

## COUNT IV RETALLIATION REFUSING TO ALLOW PLAINTIFF TO COME TO WORK

30. Plaintiff incorporates as if fully restated all of the allegations previously written.

31. Plaintiff, was continuously carried on the employment rolls of defendants as a part-time crew member, on information and belief, but has been forbidden by the Stiles Waste Treatment Plant management from calling or coming back to the plant., thus preventing Plaintiff from earning a living wage or applying for "state unemployment benefits. Plaintiff was finally terminated from his employment and separated from the defendant's employment on June 15, 2017.

32. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly failing or refusing to allow him to call or come onto the Stiles Waste Treatment Plant property solely because he had reported the acts of harassment and discrimination. Defendants had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1962, and 42U.S.C. §1981, or both, and Title VII of the Civil Rights Act of 1962, and under 42 U.S.C. §§ 1983 for deprivation of rights protected by the United States Constitution, and under Tennessee Human Relations Act, Tenn. Code Ann. § 4-21-101 et seq. And Violation of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

33. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendant may have engaged in other discriminatory practices against him which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

34. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will

continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

36. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.


**COUNT V RACIAL DISCRIMINATION**

37. Plaintiff incorporates as if fully restated all of the allegations previously written.

38. Plaintiff, during his employment with Defendant, was continuously subjected to unwelcome, offensive, harassing and demeaning racially discriminatory and derogatory comments, actions, treatment and conduct by the Defendants staff at Stiles Waste Treatment Plant and management, which was perpetrated upon him by his supervision and that this conduct was directed toward him because of his race Plant in violation of Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1962, and 42U.S.C. §1981, or both, and Title VII of the Civil Rights Act of 1962, and under 42 U.S.C. §§ 1983 for deprivation of rights protected by the United States Constitution, and under Tennessee Human Relations Act, Tenn. Code Ann. § 4-21-101 et seq. And Violation of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

39. This racially based biased and motivated conducts was sufficiently severe and pervasive so as to unreasonably interfere with the Plaintiff's physical health and to create an intimidating, hostile and offensive work environment.

7

40. Plaintiff made Defendants aware of the racially discriminatory and derogatory treat he was forced to endure and that was inflicted upon him by Defendants, by and through its officers, managing agents and/or its supervisors, at the the Stiles Waste Treatment but no actions were taken by them to abated it.

## COUNT VI VIOLATION OF THE PUBLIC PROTECTION ACT TCA SEC. 50-1-304 AND TENNESSEE COMMON LAW WHISTLE BLOWER LAW

41. Plaintiff incorporates as if fully restated all of the allegations previously written.

42. Plaintiff further believes and avers that the defendant retaliated against him for not keeping quiet and instead complaining to the supervision of the Stiles Waste Treatment Plant and City of Memphis EEO/Labor Relations Department, all of which is in violation of the Tennessee Public Protection Act, TCA Sec. 50-1-304.

43. Plaintiff further believes and avers that all of the defendant's retaliatory actions and efforts to retaliated against him for not keeping quiet and instead complaining to the supervision of the Stiles Waste Treatment Plant and City of Memphis EEO/Labor Relations Department, all of which is in violation of the common law Whistle Blower Law. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1962, and 42U.S.C. §1981, or both, and Title VII of the Civil Rights Act of 1962, and under 42 U.S.C. §§ 1983 for deprivation of rights protected by the United States Constitution, and under Tennessee Human Relations Act, Tenn. Code Ann. § 4-21-101 et seq. Violation of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

## CONCLUSION

44. Plaintiff further believes and avers that all of the defendant's retaliatory actions and efforts are were and are motivated in whole or in part to retaliated against him for not keeping quiet and instead complaining to the supervision of the Stiles Waste Treatment Plant and City of Memphis EEO/Labor Relations Department. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly failing or refusing to promote him to a fulltime job as a: truck driver, heavy equipment operator; refusing to transfer him to a full-time job; refusing to call him back to work; refusing to allow him to call or come onto the Stiles Waste Treatment Plant property; and terminating his employment all solely because he had reported the afore mentioned

acts of harassment and discrimination. Defendants had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964, Title VII of the Civil Rights Act of 1962, and 42U.S.C. §1981, or both, and Title VII of the Civil Rights Act of 1962, and under 42 U.S.C. §§ 1983 for deprivation of rights protected by the United States Constitution, and under Tennessee Human Relations Act, Tenn. Code Ann. § 4-21-101 et seq. Violation of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

45. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

46. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

47. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendants in a sum according to proof at trial.

**WHEREFORE**, Plaintiff, HARVELL HOOD, demands judgment against the Defendants, in an amount which

will compensate his for:

1. Violations of his rights under Title VII of the Civil Rights Act of 1964;

2. Violations of Title VII of the Civil Rights Act of 1962, and,

3. Violations of 42 U.S.C. §1981, and,

4. Violations of 42 U.S.C. §§ 1983 for deprivation of rights protected by the United States Constitution, and,

5. Violations of under Tennessee Human Relations Act, Tenn. Code Ann. § 4-21-101 et seq.,

6. Violations of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

7. Compensatory damages including lost wages, including back pay and front pay, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

8. Violation of under the Tennessee Public Protection Act, TCA Sec. 50-1-304. Whistle Blower Law under statutory and Common Law.

8. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

9. A permanent injunction against future acts of discrimination and harassment against Plaintiff by Defendants;

10. Trial by jury on all issues so triable;

11. Costs expended herein, including reasonable attorneys' fees;

12. Pre-judgment and post-judgment interest; and

13. Any and all other relief to which he may be entitled.


*Herman Morris, Jr.*

_____

Respectfully submitted,

**Herman Morris, Jr., Esq.**
**THE MORRIS LAW FIRM PLLC.**
119 S. Main Street, Suite 500
Memphis, TN 38103
Office: 901-468-3454
Direct Dial: 901-322-4395
Facsimile: 901-726-9012
Email: herman.morris@morrisfirmlaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on 14 day of June  2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the Defendants counsel this 14th day of June 2018.


*Herman Morris, Jr.*

_____

Herman Morris, Jr.

**THE MORRIS LAW FIRM PLLC.**
119 S. Main Street, Suite 500
Memphis, TN 38103

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 490-2017-00094 |

Tennessee Human Rights Commission                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Harvell S. Hood** | **(901) 946-2248** | **06-29-1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| **541 Laclede Ave.** | **Memphis, TN 38126** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **CITY OF MEMPHIS PUBLIC WORKS** | **500 or More** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **233 States Drive** | **Memphis, TN 38116** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-01-2016**    Latest **10-11-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have been employed with the above named company since May of 2015 as a crew person. Beginning on or about February 1, 2016, I have been subjected to demeaning and racially-offensive comments made by my supervisors, Jeff Alloway, and Joseph Schmittou, who are both White males. I have complained about the treatment, harassment, and intimidation; however, it has continued.

I believe I have been discriminated against because of my race, Black. I believe that the above is in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

RECEIVED
OCT 12 2016

| Oct 12, 2016 | X *Harvell Hood* |
|---|---|
| Date    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>10/12/2016  *Sonya Murphy* |